# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2488

_____

Jennie Lee Stoner

*Plaintiff - Appellee*

v.

Southern Farm Bureau Casualty Insurance Company

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: June 10, 2014
Filed: July 11, 2014

_____

Before RILEY, Chief Judge, BYE and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

Despite our sympathy for Mrs. Jennie Stoner's loss, whose home of 50 years suffered significant damage from flooding of the White River in Phillips County, Arkansas, we must follow the law. Mrs. Stoner did not submit the one-page proof of loss form required by the federal standard flood insurance policy. See 44 C.F.R. pt. 61, app. A(1), art. VII(J)(4); Federal Emergency Management Agency (FEMA), Proof

of Loss, Form No. 086-0-9 (Oct. 2010), available at http://www.fema.gov/media-library-data/20130726-1601-20490-7838/086_0_9_previously_ff81_42.pdf. "When people seek benefits from a taxpayer-funded program, it is fair to require them to fill out the correct form." McCarty v. S. Farm Bureau Cas. Ins. Co., ___ F.3d ___, ___, No. 13-2490, slip op. at 5 (8th Cir. July 11, 2014). For the reasons set forth in McCarty, Mrs. Stoner's failure to complete and submit the proof of loss form precludes coverage as a matter of federal statutory, regulatory, and common law. See id. at ___, slip op. at 5-8.

We cannot make an exception. As Judge Richard S. Arnold said in his elegantly straightforward way, we judges cannot "make law because we think a certain rule of law is a good thing." Richard S. Arnold, Address at the Eighth Circuit Judicial Conference: The Art of Judging (Aug. 8, 2002). Federal flood insurance coverage is contingent on the timely submission of a rather simple one-page proof of loss form. See 44 C.F.R. pt. 61, app. A(1), art. VII(J)(4); FEMA Adjuster Claims Manual VII-7(P) (2010). Mrs. Stoner did not satisfy this "condition precedent" to coverage. Gunter v. Farmers Ins. Co., 736 F.3d 768, 773 (8th Cir. 2013).

In accordance with explicit federal law governing the National Flood Insurance Program, we reverse and remand for entry of judgment in favor of Farm Bureau. Exercising our discretion under Federal Rule of Appellate Procedure 39(a), we decline to tax Farm Bureau's costs against Mrs. Stoner.

———————————————————